UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Operation Bass, Inc., a Kentucky corporation,

Plaintiff,

v.

B.A.S.S. Inc., an Alabama Corporation and Helen Sevier,

Defendants.

Civil No. 00-1111 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Jeffrey Stites, Esq., and Geoffrey Jarpe, Esq., Maun & Simon, 2000 Midwest Plaza Building West, 801 Nicollet Mall, Minneapolis, MN 55402, appeared on behalf of Plaintiff.

Robert Haugen, Esq., Johnson & Lindberg, Suite 1610, 8500 Normandale Lake Boulevard, Minneapolis, MN 55437-3828, appeared on behalf of Defendants.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on November 17, 2000, pursuant to Defendant Helen Sevier's Motion to Dismiss for Lack of Personal Jurisdiction. In the Complaint, Plaintiff alleges violations of the Lanham Act, the Minnesota Uniform Deceptive Trade Practices Act, the Minnesota Consumer Protection Act, and common law business disparagement. For the reasons set forth below, Defendant's motion is denied.

## Background

Defendant B.A.S.S., Inc. ("B.A.S.S.") owns and promotes various bass-fishing tournaments, publishes a magazine on the subject of bass fishing, and produces a television program on bass fishing. Among the tournaments owned and promoted by B.A.S.S. is the

FILED DEC 06 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

tournament co-sponsored by World Championship Fishing ("WCF"); this WCF tournament combines traditional bass fishing tournament competition with a fishing-boat racing component. Defendant Helen Sevier is, and at all times relevant to this litigation was, the President and C.E.O. of B.A.S.S.

Plaintiff Operation Bass, Inc. ("Operation Bass") is also a sport-fishing organization which owns and promotes various bass-fishing tournaments, including the FLW Tour. Irwin Jacobs is a co-owner of Operation Bass. Irwin Jacobs also owns a corporation called Genmar Holdings, Inc., which is the world's largest privately owned boat manufacturer. Ranger Boats, a wholly owned subsidiary of Genmar Holdings, Inc., manufactures bass fishing boats.

Before the WCF inaugural event in August of 1999, WCF solicited sponsorship of the tournament from Ranger Boats.[1] Ranger Boats declined, citing its disapproval of the racing element of the WCF tournament; Ranger Boats indicated its belief that the racing portion of the tournament was dangerous, environmentally unfriendly, and generally inconsistent with the philosophy of sport fishing. Subsequently, Ranger Boats announced that it was withdrawing sponsorship of all B.A.S.S. tournaments because of B.A.S.S.'s affiliation with the WCF tournament.

Shortly after this decision by Ranger Boats, B.A.S.S. issued the statement which is the subject of this litigation. The offending press release reads, in pertinent part:

> Sadly, since the inception of the FLW tour in 1996, which enjoys the same ownership as Ranger Boats, we have observed Ranger's steady and ever increasing departure from our fundamental philosophy [of attracting increased participation and investment in the sport of bass fishing]. As most anglers know,

---

[1] In its press release, B.A.S.S. asserts that Ranger Boats was never asked to sponsor the WCF tournaments. However, the Court must accept the facts as they are asserted in the Complaint.

> if you do not own a Ranger boat, it is very difficult to participate in FLW events. In fact, the FLW tournament rules prohibit contenders from displaying any competitive sponsor logos during filming days of their tournaments.
>
> B.A.S.S. believes that any policy which excludes a fisherman or manufacturer from competing on a fair and level playing field is detrimental to the future of the sport. The integrity and credibility earned by the Bass Anglers Sportsman Society will never be compromised.

Plaintiff alleges that Helen Sevier "participated in the creation of certain defamatory press releases and their publication to members of the Minnesota B.A.S.S. Federation and other Minnesota residents via the internet."

## Discussion

### 1. Standard of Review

In a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of setting forth a *prima facie* case of personal jurisdiction. *See Scullin Steel Co. v. National Ry. Utilization Corp.*, 676 F.2d 309 (8th Cir. 1982); *Tol-O-Matic, Inc. v. Proma Produkt-Und Marketing Gesellschaft, m.b.H.*, 690 F. Supp. 798, 800 (D. Minn. 1987). Despite the plaintiff's burden, the Court views all facts in the light most favorable to the plaintiff as the non-moving party. *See Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519 (8th Cir. 1996); *Radaszewski by Radaszewski v. Telecom Corp.*, 981 F.2d 305, 310 (8th Cir. 1992); *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384 (8th Cir. 1991).

Typically, the test for whether a federal court may exercise personal jurisdiction over a defendant has two parts: (1) whether such jurisdiction is permissible under the forum state's long-arm statute and (2) whether such jurisdiction is compatible with the due process requirements of the Fifth and Fourteenth Amendments. Where, as here in Minnesota, the forum

state's long-arm statute is co-extensive with Constitutional due process requirements, the two steps in the analysis merge. *See* Minn. Stat. § 543.19; *Dotmar, Inc. v. Niagra Fire Ins. Co.*, 533 N.W.2d 25, 29 (Minn. 1995) (describing the scope of Minnesota's long-arm statute). Constitutional due process requirements are satisfied where the defendant has "minimum contacts [with the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

**2. General Jurisdiction Due to Internet Communication**

Personal jurisdiction may be of two kinds: general or specific. General personal jurisdiction exists when a defendant's contacts with the state are so numerous that the defendant may be sued in the forum state over any controversy, whether arising out of the defendant's contacts with the forum state or not. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). For defendants who are not "citizens" of the forum state, the standard for general personal jurisdiction is particularly stringent.

Plaintiff seems to argue that Ms. Sevier regularly conducts business in the State of Minnesota by virtue of B.A.S.S.'s internet website. There is no question that regular solicitation of business via the internet can form the basis for general personal jurisdiction. *See, e.g., Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997); *State by Humphrey v. Granite Gate Resorts, Inc.*, 568 N.W.2d 715 (Minn. Ct. App. 1997). However, the general rule that, when assessing the propriety of personal jurisdiction against an individual officer of a corporation, the Court may not simply ascribe all activities of the corporation to the officer applies with no less force when the corporation's activities are conducted over the internet. In the case at bar, the Plaintiff has neither alleged nor offered evidence that Ms. Sevier was

regularly involved in the maintenance of B.A.S.S.'s internet website. Rather, Plaintiff alleges only that Ms. Sevier was involved in posting a single letter on the website. Ms. Sevier's alleged internet activity, then, consists of one single communication–far short of the sort of numerous contacts necessary to establish general personal jurisdiction.

**3. Specific Jurisdiction**

Specific personal jurisdiction, in contrast, arises when a defendant's contacts with the forum state relate to the cause of action asserted by the plaintiff. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Here, Plaintiff alleges that Ms. Sevier's involvement in posting the press release at issue in this litigation on B.A.S.S.'s website establishes specific personal jurisdiction. The Court agrees.

First, the Court notes that not all internet activity gives rise to personal jurisdiction. While the internet has certainly made our society more fluid, some limits on the scope of personal jurisdiction still exist. The Court references the well-reasoned opinion of the Western District of Pennsylvania in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). In that case, the court discussed a "sliding scale" of internet activity. Specifically, the court distinguished between individuals who operate interactive websites or enter into contractual arrangements over the internet from "the opposite end . . . situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction." *Id.* at 1124.

Ms. Sevier's alleged internet activity falls somewhere in the middle of this spectrum. On the one hand, there is no allegation in the Complaint that Ms. Sevier was involved in the

day-to-day maintenance of the interactive website maintained by B.A.S.S. On the other hand, however, the press release she is alleged to have posted is clearly directed at affecting behavior of Minnesota residents, dissuading individuals from participating in Operation Bass-sponsored fishing tournaments.[2] In that respect, this case is similar to *Telco Communications v. An Apple A Day*, 977 F. Supp. 404 (E.D. Va. 1997), in which the District Court held that the posting of press releases designed to affect behavior of consumers (there, investment banks) constituted a business transaction which could give rise to personal jurisdiction.[3] Accordingly, the Court finds that Plaintiff has made a *prima facie* case that Ms. Sevier conducted business, related to the cause now under consideration, in the State of Minnesota.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant Helen Sevier's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 3) is **DENIED**.

Dated: December 5th, 2000

DONOVAN W. FRANK
Judge of United States District Court

---

[2] Because Operation Bass is a Minnesota corporation which conducts tournaments in the State of Minnesota, the allegations give rise to a logical inference that Minnesota residents were among those consumers whose behavior was targeted. Indeed, the effect of the press release might be expected to be felt most strongly in Operation Bass's home state.

[3] In *Telco*, the court found that posting two or three such press releases, which were accessible 24 hours a day, was sufficient to create a "persistent course of conduct" for purposes of the Virginia long-arm statute. As noted above, this case involves the posting of a single press release. Even though it is accessible 24 hours a day, the Court cannot conclude that the posting of a single press release is sufficient to constitute a "persistent course of conduct." However, it is conduct within the State of Minnesota.