**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Operation Bass, Inc, a Kentucky corporation,

Plaintiff,

v.

B.A.S.S., Inc., an Alabama corporation, and Helen Sevier,

Defendants.

Civil No. 00-1111 DWF/AJB

**ORDER ON DISCOVERY AND SCHEDULING**

This matter came before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion to enforce an Order compelling discovery dated March 16, 2001, and motion for extension of the discovery schedule . Hearing was held on April 11, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Geoffrey P. Jarpe, Esq., appeared on behalf of the plaintiff. Robert G. Haugen, Esq., appeared on behalf of the defendants. Based upon the file and documents contained therein, along with arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to enforce Court's March 16, 2001, Order compelling discovery and for extension of discovery schedule is **granted in part and denied as moot in part** [Docket No. 22]

2. Plaintiff's motion to extend the discovery deadline is **granted**. The deadline for completion of discovery and serving non-dispositive motions is hereby extended to July 1, 2001. Deposition of officers, employees, or agents that were previously noticed to take place in Alabama, but were subsequently cancelled pending receipt of written discovery and document

FILED APR 13 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

productions may be re-noticed to take place in Alabama. To the extent that plaintiff seeks an order compelling non-parties to appear in Minnesota for depositions, the request is denied.[1]

3. Plaintiff's motion to enforce its Order compelling discovery is **moot**. Defendants have represented, albeit late, that requested draft documents responding to document production request No. 6 do not exist. The response is therefore sufficient. With respect to document production request No. 9, therein seeking materials relating to tournaments and safety, plaintiff no longer seeks production of tournament information and the responses have been supplemented with respect to safety related materials.

4. Plaintiff's request for sanctions pursuant to Fed. R. Civ. P. 37(b)(2) is **denied**. It is not clear that this Court has authority to compel non-parties located in Alabama to appear for depositions in Minnesota, and the Court does not find that defendants have failed to comply with the Court's Order such that an award of sanctions is appropriate. Previous order to pay expenses in the amount of $600 shall remain in effect.

Dated: 4/13/01

Arthur J. Boylan
United States Magistrate Judge

[1] Subsequent to its previous Order on discovery defendant B.A.S.S., Inc. has been dissolved as a corporate entity and the brand name and assets have been sold. However, the former corporation is insured and represented in this matter pursuant to insurance defense agreement. Evidence presented to the Court indicates that many or all of the individuals whom plaintiff seeks to depose remain involved in the original enterprise in some manner, under the auspices of either a new owner, ESPN, or an intermediary shell corporation, Halcyon Investments.. The Court presumes that any failure of these individuals to appear for a properly noticed deposition in Alabama, or to otherwise fail to cooperate with discovery and the defense in this matter, might run contrary to a cooperation provision of the insurance contract and could adversely affect insurance coverage.